RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2022 MAY 5 PM 5:07

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**[1] AYENDY DE-JESUS,**<br>**[2] BERNARDINO DE-JESUS-DE-LA-ROSA,**<br>Defendants. | **INDICTMENT**<br><br>Criminal No. 22 – **197** ( **RAM** )<br><br>Violations:<br>    21 U.S.C. § 963<br>    21 U.S.C. § 952(a)<br>    21 U.S.C. § 846<br>    21 U.S.C. § 841(a)(1)<br><br>Forfeitures:<br>    21 U.S.C. § 853<br>    28 U.S.C. § 2461(c)<br><br>(FOUR COUNTS) |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
**(Conspiracy to Import a Controlled Substance)**

Beginning on a date unknown, but not later than April 22, 2022, and continuing up to and until the return of the instant Indictment, from the Dominican Republic, and elsewhere,

**[1] AYENDY DE-JESUS,**

**[2] BERNARDINO DE-JESUS-DE-LA-ROSA,**

the defendants herein, knowingly and intentionally combined, conspired, confederated and agreed with each other and other persons, known and unknown, to import into the United States, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 952(a).

1

All in violation of 21 U.S.C. § 963.

## COUNT TWO
### (Importation of a Controlled Substance)

On or about April 22, 2022, from the Dominican Republic, and elsewhere,

### [1] AYENDY DE-JESUS,

### [2] BERNARDINO DE-JESUS-DE-LA-ROSA,

the defendants herein, aiding and abetting each other, knowingly and intentionally imported into the United States, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance.

All in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2.

## COUNT THREE
### (Conspiracy to Possess with Intent to Distribute a Controlled Substance)

Beginning on a date unknown, but not later than April 22, 2022, and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico, and within the jurisdiction of this Court,

### [1] AYENDY DE-JESUS,

### [2] BERNARDINO DE-JESUS-DE-LA-ROSA,

the defendants herein, knowingly and intentionally combined, conspired, confederated, and agreed with each other and other persons, known and unknown, to commit an offense against the United States, that is: to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).

All in violation of 21 U.S.C. § 846.

2

## COUNT FOUR
### (Possession with Intent to Distribute a Controlled Substance)

On or about April 22, 2022, in the District of Puerto Rico, and within the jurisdiction of this Court,

### [1] AYENDY DE-JESUS,

### [2] BERNARDINO DE-JESUS-DE-LA-ROSA,

the defendant herein, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance.

All in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

3

## NARCOTICS FORFEITURE ALLEGATION

1.      The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. §§ 853 and 970.

2.      Pursuant to 21 U.S.C. §§ 853 and 970, upon conviction of an offenses in violation of 21 U.S.C. §§ 963, 952(a), 846, and 841(a)(1), the defendants, **[1] AYENDY DE-JESUS** and **[2] BERNARDINO DE-JESUS-DE-LA-ROSA**, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

3.      If any of the property described above, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

4

the United States of America shall be entitled to forfeiture of substitute property pursuant to

21 U.S.C. §§ 853(p) and 970.


                                   TRUE BILL

                                   FOREPERSON

                                   DATE:        MAg 5, 2022


W. STEPHEN MULDROW
UNITED STATES ATTORNEY


For: Max Perez-Bouret
     Assistant United States Attorney
     Chief, Transnational Organized Crime Section


Vanessa E. Bonhomme
Assistant U.S. Attorney
Deputy Chief, Transnational Organized Crime Section


José A. Contreras
Assistant United States Attorney